**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Daniel D. Domenico**

Civil Action No. 1:25-cv-02674-DDD-CYC

ZACHARY A. MORGAN,

     Plaintiff,

v.

PNC BANK, NATIONAL ASSOCIATION,

     Defendant.

---

**ORDER**

---

Plaintiff Zachary Morgan initiated this employment discrimination action pro se on August 26, 2025. Doc. 1. Defendant PNC Bank, National Association, moved to dismiss the complaint. Doc. 26. Magistrate Judge Cyrus Y. Chung recommends granting the motion because the doctrine of judicial estoppel bars Mr. Morgan's claims. Doc. 39. Mr. Morgan has filed a motion to reconsider, which I construe as a timely objection to the recommendation. [1,2] Doc. 41.Doc. 128. I overrule Mr. Morgan's objection and adopt the report and recommendation.

---

[1] The March 16 recommendation states that any objections must be filed within fourteen days after its service on the parties. Doc. 39 at 5 n.1 a (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2)). Mr. Morgan filed his motion on March 23, within the objection period. Doc. 41.

[2] All pinpoint citations to the record use the blue page number appended by the Court's Electronic Case Filing system at the top of each page, which may differ from a document's internal pagination.

**LEGAL STANDARDS**

## I. Pro Se Litigants

Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)), I cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Pro se parties also must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

## II. Objections to Dispositive Motions

Objections to a magistrate judge's recommendation on a dispositive issue require a *de novo* review of the objected-to issue. Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Sufficiently specific objections "focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.*

As to the portions of the recommendation to which no timely objection has been made, I may review the magistrate judge's factual and legal conclusions under any standard I deem appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Upon review, I "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 18 U.S.C. § 636(b)(1).

## BACKGROUND

For the purposes of this order, I accept as true the factual allega-tions—as opposed to any legal conclusions, bare assertions, or conclu-sory allegations—that Mr. Morgan raises in the operative complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). I also consider matters of which I may take judicial notice and documents the complaint references that are central to Mr. Morgan's claims and that the parties do not dispute their authenticity. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (2010) (internal citations omitted); *Barrett v. Pearson*, 355 F. App'x 113, 116 (10th Cir. 2009) (courts may "take ju-dicial 'notice of judicial proceedings in other courts if they have a direct relation to [the] matters at issue[.]'" (internal citation omitted)).

Mr. Morgan was a manager at one of PNC's branches in Commerce City, Colorado. Doc. 1-1 at 1. On April 16, 2024, PNC terminated him. *Id.* at 2. On August 9, Mr. Morgan, filed a charge of discrimination with the Equal Employment Opportunity Commission. Doc. 26-1 at 4.

On August 27, Mr. Morgan filed a Chapter 7 bankruptcy petition. Doc. 26-3 at 2. In that case and under penalty of perjury, he denied (1) being "a party in any lawsuit, court action, or administrative proceed-ing" and (2) having "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment" such as "employ-ment disputes." Doc. 26-5 at 6, 13, 23. The bankruptcy trustee found "there is no property available for distribution from the estate over and above that exempted by law." Doc. 26-3 at 3. On December 5, the Bank-ruptcy court discharged Mr. Morgan's debts. *Id.* at 4.

The Equal Employment Opportunity Commission issued a right to sue notice on June 30, 2025, and Mr. Morgan filed this employment dis-crimination action on August 26. Doc. 1 at 4; Doc. 1-3; Doc. 26-2. He alleges PNC violated the Americans with Disabilities Act, 42 U.S.C. §§

12101–12213, the Colorado Anti-Discrimination Act, Colo. Rev. Stat. §§ 24-34-401 to 24-34-408, and the Family and Medical Leave Act, 29 U.S.C. §§ 2601–2654. Doc. 1-1 at 3–5.

## DISCUSSION

Relying on Tenth Circuit precedent, Judge Chung recommends judicial estoppel bars Mr. Morgan's claims because:

(1) In the bankruptcy case, Mr. Morgan denied having the claims he now asserts despite having a duty to disclose them; pursuing the claims now is an inconsistent position;

(2) This failure to disclose in the bankruptcy case actively deceived his creditors and misled the bankruptcy court about the estate's scope; and

(3) Allowing him to proceed on undisclosed claims would allow a benefit inconsistent with his bankruptcy discharge.

Doc. 39.

Since there is no objection to Judge Chung's analysis of the judicial estoppel bar, I have reviewed the recommendation to ensure that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b) Advisory Committee Notes. Based on that review, I find none and conclude that Judge Chung correctly determined judicial estoppel bars Mr. Morgan's claims.

Indeed, Mr. Morgan appears to concede this is an appropriate basis for dismissal by asking the Court to reconsider dismissal because he has now moved to reopen his bankruptcy case and amend his financial affairs form. Docs. 41, 43. As PNC argues, however, this does not cure the basis for judicial estoppel. Doc. 42.

In *Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1160 (10th Cir. 2007), the Tenth Circuit held:

That Gardner's bankruptcy was reopened and his creditors were made whole once his omission became known is

> inconsequential. ***A discharge in bankruptcy is sufficient to establish a basis for judicial estoppel, "even if the discharge is later vacated."*** *Hamilton*, 270 F.3d at 784. Allowing Gardner to "back up" and benefit from the reopening of his bankruptcy only after his omission had been exposed would "suggest[ ] that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets." *Burnes*, 291 F.3d at 1288.

*Id.* at 1159–60 (emphasis added). The Tenth Circuit has continued relying on *Eastman* and maintained reopening a bankruptcy case and curing the underlying defect does not defeat judicial estoppel. *See, e.g.*, *Anderson v. Seven Falls Co.*, 696 F. App'x 341, 346 (10th Cir. 2017) ("The Davies' reopening of their bankruptcy case does not correct the fact that the bankruptcy court was misled."); *Paup v. Gear Prods., Inc.*, 327 F. App'x 100, 108 (10th Cir. 2009) ("Exactly the same circumstances [as in *Eastman*] save one pertain here. Unlike Mr. Gardner, Ms. Coffelt seeks to pursue damages for her own benefit in a case for which her creditors have received and will receive nothing. Surely this cuts even further against allowing Ms. Coffelt to proceed."). Mr. Morgan's attempt to belatedly disclose the claims in this case in his bankruptcy case—regardless of whether he is successful—is moot. His original statements in that proceeding estop him from pursuing the claims at issue here.

## CONCLUSION

It is **ORDERED** that:

Magistrate Judge Chung's Report and Recommendation, **Doc. 39**, is **ACCEPTED** and **ADOPTED**;

Mr. Morgan's Objection, **Doc. 41**, is **OVERRULED**;

Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for a More Definite Statement, **Doc. 26**, is **GRANTED**;

Mr. Morgan's claims are **DISMISSED WITH PREJUDICE**; and

The Clerk of Court is directed to **TERMINATE** this case.

DATED: May 19, 2026          BY THE COURT:

Daniel D. Domenico
Chief United States District Judge